**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MYTORI MUSE, | : | |
| Inmate No. 096213, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1190-TWT-JSA |
| ERIC LEVETT, Warden, | : | |
|     Respondent. | : | |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

Petitioner Mytori Muse has filed the instant action in which he challenges his state court convictions. The matter is presently before the Court on: the petition [Doc. 1]; the response [Docs. 4, 13]; Respondent's motion to dismiss the petition as unexhausted [Doc. 17]; and Respondent's motion for a pretrial conference [Doc. 16].

I.  Procedural History

On February 19, 2014, Petitioner entered into a non-negotiated plea in the Rockdale County Superior Court to two counts of first degree burglary, and was sentenced to a total of ten years to serve four. (*See generally* Doc. 17, Attach. 3;

Doc. 17, Attach. 7).[1] Petitioner did not file a motion to withdraw his plea, an appeal, or a habeas corpus petition in the state courts.

Petitioner filed the instant federal habeas petition in this Court on April 11, 2014, and raises claims that he was coerced into entering a guilty plea, that he is actually innocent, and that he received ineffective assistance of counsel. (Doc. 1). Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his state court remedies. The undersigned agrees.

## II.    Discussion

### A.    Petitioner Has Failed to Exhaust State Court Remedies.

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B).

As a matter of comity, the rule of exhaustion is designed to give the state courts a full and fair opportunity to hear and consider the claims raised by a

---

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

petitioner before those claims can be presented in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 276-277 (1971). A petition is not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A claim is only exhausted if it was fairly presented to the state courts under proper remedies available under state law and filed in a proper forum in which it could be litigated. *Castille v. Peoples*, 489 U.S. 346 (1989). Georgia law affords Petitioner the opportunity to appeal a final order denying a motion to withdraw his guilty plea. *See* O.C.G.A. § 5-6-34(a)(6) (allowing direct appeal of "[a]ll judgments or orders granting or refusing to grant . . . any other extraordinary remedy"); *see also Caine v. State*, 467 S.E.2d 570, 572 (Ga. 1996) (holding a claim of involuntary or knowing plea may be raised on direct appeal if the claim can be resolved from facts in the record). Further, a Georgia inmate may challenge the constitutionality of his conviction and sentence by filing a state habeas petition in the county in which he is incarcerated. *See* O.C.G.A. § 9-14-43; *Davis v. State*, 648 S.E.2d 670, 672 n.6 (Ga. Ct. App. 2007) (noting that a guilty plea challenge

3

that requires factual development is properly brought in habeas proceeding).[2] Additionally, ineffective assistance of counsel claims must be raised either on direct appeal (when there is new counsel on appeal) or in state habeas corpus proceedings. *White v. Kelso*, 401 S.E.2d 733, 734 (Ga. 1991).

Because Petitioner has not filed a motion to withdraw his guilty plea, appealed the denial of any such motion, nor filed a state petition for a writ of habeas corpus, Petitioner has never properly presented his claims for relief before the state courts. Thus, Petitioner has failed to exhaust state court remedies. *Compare United States ex rel. Connolly v. Cormier*, 279 F.2d 37, 38-39 (5th Cir. 1960) (holding prisoner failed to exhaust state court remedies where prisoner filed a motion to withdraw his guilty plea but did not file a state petition for a writ of habeas corpus).

Petitioner has alleged no facts to suggest that "there is an absence of available State corrective process" or that the state court process is "ineffective" to protect his rights. 28 U.S.C. § 2254(b)(1)(B). Accordingly, the instant petition

---

[2] Upon the denial thereof, a state habeas corpus petitioner must then pursue an application for a certificate of probable cause to appeal that denial to the Georgia Supreme Court, pursuant to O.C.G.A. § 9-14-52, in order to exhaust his habeas corpus claims. *See Pope v. Rich*, 358 F.3d 852, 853-54 (11th Cir. 2004); *see also Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986).

4

is subject to dismissal for Petitioner's failure to exhaust available state remedies. *See Picard*, 404 U.S. at 275, 277-278; *Ali v. State of Fla.*, 777 F.2d 1489, 1490 (11th Cir. 1985) (holding that when a petitioner has not exhausted his state remedies and the State asserts lack of exhaustion as a defense, dismissal is proper).

B. <u>Petitioner Has Not Demonstrated A Credible Showing Of Actual Innocence.</u>

In his second ground for relief, Petitioner claims that he is actually innocent. (Doc. 1 at 4). "[A]ctual innocence, if proved, can serve as a gateway through which a petitioner may pass" if a there is a procedural bar. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). This exception only applies, however, if "the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (*quoting McQuiggin*, 133 S.Ct. at 1931, 1933)). If a petitioner does not make a "credible showing" of actual innocence, any such claim does not excuse exhaustion. *Gore*, 720 F.3d at 817.

Despite his admission that he was, in fact, guilty of the two burglaries [Doc. 17, Attach. 3 at 44], Petitioner proclaims he is actually innocent because "[t]hey had no physical evidence against me nor did they have any witnesses against me

5

to prove I was involved in any burglary." (Doc. 1 at 4). This statement, however, does not constitute "new reliable evidence" of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence claim] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not submitted at trial."). Instead, Petitioner's claim merely goes to insufficiency of the evidence, which is not enough to make out an actual innocence claim. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that a showing of factual innocence and not mere legal insufficiency is required to demonstrate "actual innocence"); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001) (holding argument that there was insufficient evidence to support the petitioner's conviction did not constitute "actual innocence" where petitioner provided no evidence to support such claim and the claim had been available to him since the time of his guilty plea); s*ee also Canez v. Ryan*, __ F. Supp. 2d ___, 2014 WL 2708363, at *14 (D. Ariz. June 13, 2014) (rejecting petitioner's actual innocence claim based on insufficient evidence because such a claim went to legal insufficiency rather than factual insufficiency and he presented no new evidence to support his claim of innocence).

6

III. Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Respondent's motion to dismiss the petition [Doc. 17] be **GRANTED**, and that the instant habeas corpus petition [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust his state court remedies.

**IT IS ORDERED** that Respondent's motion for a pretrial conference [Doc. 16] is **DENIED AS MOOT**.

IV. Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's

7

assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 366 (2003)*; Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that Petitioner has failed to exhaust his state court remedies and/or that he has not demonstrated that he is actually innocent. Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 30th day of September, 2014.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

8